IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHELDON WHATLEY | § | |
|     TDCJ-CID NO. 1465277 | § | |
| v. | § | C.A. NO. C-11-187 |
| | § | |
| RICK THALER | § | |

## MEMORANDUM AND RECOMMENDATION TO
## GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT

Petitioner is a state prisoner currently incarcerated at the McConnell Unit in Beeville,

Texas.  On May 31, 2011, he filed this pro se habeas corpus petition pursuant to 28 U.S.C.

§ 2254, challenging his conviction.  (D.E. 1).  Pending is Respondent's motion for summary

judgment.  (D.E. 20).  Petitioner filed a response on November 4, 2011.  (D.E. 27).  For the

reasons stated herein, it is respectfully recommended that Respondent's motion for summary

judgment be granted, and that this habeas petition be dismissed.

### I.  JURISDICTION

The Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C.

§§ 2241, 2254, which provide that jurisdiction is proper where the inmate is confined, or where

the conviction was obtained.  Wadsworth v. Johnson, 235 F.3d 959, 961-62 (5th Cir. 2000).

Petitioner was convicted in Nueces County, Texas.  (D.E. 19-12, at 46-48).  Jurisdiction is,

therefore, proper in this Court.  28 U.S.C. § 124(b)(6).

### II.  FACTUAL BACKGROUND

On July 24, 2007, Petitioner was tried on fifteen counts of aggravated sexual assault of a

child, indecency with a child, prohibited sexual conduct, and sexual assault.  (D.E. 19-22, 5-6).

He was accused of molesting his son, his niece, as well as his friend's mentally disabled

daughter, and each testified against him at trial.  Id. at 47; (D.E. 19-23, at 13, 29).

The prosecution also presented testimony from a number of police officers involved with the case, including Detective Michael Hess.  (D.E. 19-22, at 32).  On cross-examination by Petitioner's defense attorney, Gerald Rogen, Detective Hess was asked how he would respond to a false accusation of sexual abuse by a child:

> Q.  How would you prove yourself innocent?
> A.  Me, I'd run down take a polygraph.  I'd have no problem doing that.  I mean, you made an allegation about me, I'd be banging on the door of a polygraph operator saying, come here, hook me up.
> Q.  And then what if you took the polygraph and passed and you were still charged with the offense?
> A.  I can't imagine that.  Why would I get charged if I passed a polygraph?  I mean, you -- you -- if we went to a courtroom, beyond a reasonable doubt.  My defense attorney would be saying, Your Honor, my client took a polygraph and he passed and why are we here.
> Q.  So it's your policy with the cases that if the accused would take a polygraph and pass, that that case should be not charged, it should not go before the jury?
> A.  You said it's my policy.  I don't get to make that decision.  I present my case to the prosecutor and the prosecutor decides whether those cases go or not.  I've never taken a case where the guy passed a polygraph prior to trial, but I don't get to make the decision whether this case goes to the jury or not.  Those go to the prosecutor's office.
> Q.  But if it was you yourself that was the defendant, you'd want the jury to know that information?
> A.  Oh, yeah, but hopefully it wouldn't get that far.  I'd be exonerated because I took the polygraph and the prosecutor realizes there's not a case, you know, whatever.

Id. at 39.  Before the trial, however, Petitioner was administered a polygraph test and had passed. (D.E. 1, at 21; D.E. 19-27, 75-86).  As a result, the prosecution had requested that the trial court issue a pre-trial order to suppress the polygraph results from being introduced as evidence.  (D.E. 1, at 21; D.E. 19-14, at 52).  In a hearing conducted after Detective Hess testified, Petitioner's trial counsel argued that the prosecution's witness imparted a false impression on the jury that he

2

failed the polygraph test, thereby requiring the admission of the polygraph results to correct this possible misconception.  (D.E. 19-23, at 34-35).  After considering the issue, the trial court refused to admit the polygraph results.  Id.

The jury found Petitioner guilty of all fifteen counts. (D.E. 19-24, at 12).  On July 27, 2007, it sentenced him to life imprisonment for each count of aggravated sexual assault of a child, twenty years for each count of indecency with a child, ten years for each count of prohibited sexual conduct, and twenty years for each count of sexual assault, as well as fines totaling $150,000.  (D.E. 19-11, at 17-18; D.E. 19-25, at 13-14); Whatley v. State, No. 13-07-568-CR, 2009 WL 1607813, at *1 (Tex. App. Jan. 29, 2009) (unpublished).  The trial court granted Petitioner's motion for a new trial on the six counts of prohibited sexual conduct due to a statute of limitations bar, but denied the motion for new trial on all remaining counts.  (D.E. 19-28, at 8-11, 20); Whatley, 2009 WL 1607813, at *1.  The prosecution did not further pursue the six counts of prohibited sexual conduct after the motion was granted.  (D.E. 19-28, at 10).

### III.  PROCEDURAL BACKGROUND

On direct appeal, Petitioner argued that the trial court (1) erred in excluding his exculpatory polygraph results, (2) erred in refusing to grant a mistrial, (3) applied the wrong standard when it excluded his polygraph results, (4) erred in denying his motion for new trial with respect to the remaining convictions, and (5) violated his right to the presumption of innocence.  Whatley, 2009 WL 1607813, at *1.  The Court of Appeals for the Thirteenth District of Texas affirmed the conviction because his counsel failed to object to testimony by Detective Hess, his counsel did not timely file a motion for a mistrial, the trial court did not err in excluding the polygraph results, the trial court acted within its discretion in denying his motion

3

for a new trial, and there was no violation of his right to the presumption of innocence. <u>See</u> <u>generally</u> <u>Whatley</u>, 2009 WL 1607813. The Texas Court of Criminal Appeals refused his petition for discretionary review on August 19, 2009. (D.E. 1, at 3).

On July 6, 2010, Petitioner filed his application for state habeas relief, arguing that (1) he was actually innocent, and (2) he did not receive effective assistance of counsel at trial. (D.E. 19-31, at 14-15). On December 21, 2010, the trial court recommended that his application be denied because Petitioner failed to produce new evidence supporting his claim for actual innocence and his trial counsel rendered effective assistance. <u>Id.</u> at 83-87. The Texas Court of Criminal Appeals denied his application without written order on the findings of the trial court without a hearing on March 9, 2011. <u>Id.</u> at 2.

## IV. PETITIONER'S ALLEGATIONS

Petitioner articulates five claims for habeas relief based on three distinct legal grounds. (D.E. 1, at 6-7). First, he argues that he was deprived of effective assistance of counsel because his trial attorney (1) failed to timely object to the testimony by Detective Hess regarding polygraph evidence, and (2) did not sufficiently research the admissibility of polygraph results.[1] <u>Id.</u> at 7, 25-35. Second, he contends that the trial court deprived him of the right to a fair trial and Due Process by (1) denying his motion for a mistrial and (2) failing to include a limiting instruction to the jury to disregard the testimony relating to polygraph evidence. <u>Id.</u> at 6, 14-19. Third, he asserts that the prosecution deprived him of the right to a fair trial and Due Process by permitting Detective Hess to give hypothetical testimony regarding polygraph evidence without

---

[1] Petitioner also complains that his trial counsel was ineffective for failing to do adequate research to secure the testimony of an expert witness. This argument is subsumed into his more general claim that his trial counsel did not conduct sufficient research on the admissibility of polygraph evidence.

4

objection.  Id. at 6, 20-24.

## V.  DISCUSSION

Respondent argues that all of Petitioner's claims should be dismissed as unexhausted and procedurally barred, as well as lacking in merit.  (D.E. 20, at 8, 15, 19).

**A.      The Standard Of Review For Summary Judgment Motions.**

Rule 56 of the Federal Rules of Civil Procedure applies to federal habeas corpus cases. Clark v. Johnson, 202 F.3d 760, 764-65 (5th Cir. 2000) (citations omitted).  Summary judgment is appropriate when there is no disputed issue of material fact, and one party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant.  Caboni v. Gen. Motors Corp., 278 F.3d 448, 451 (5th Cir. 2002) (citations omitted).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 913 (5th Cir. 1992) (citations omitted).  Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party.  See Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988) (citation omitted).

If the moving party makes the required showing, then the burden shifts to the non-movant

to show that a genuine issue of material fact remains for trial.  <u>Matsushita Elec. Indus. Co. v.</u>

<u>Zenith Radio Corp.</u>, 475 U.S. 574, 585-87 (1986); <u>Fields v. City of S. Houston, Tex.</u>, 922 F.2d

1183, 1187 (5th Cir. 1991) (citation omitted).  The non-movant cannot merely rest on the

allegations of the pleadings, but must establish that there are material controverted facts in order

to preclude summary judgment.  Fed. R. Civ. P. 56(e); <u>Anderson v. Liberty Lobby, Inc.</u>, 477

U.S. 242, 248-49 (1986) (citation omitted).  Summary judgment is proper if the non-movant fails

to make a showing sufficient to establish the existence of an element essential to his case on

which he bears the burden of proof.  <u>Celotex</u>, 477 U.S. at 322-23; <u>ContiCommodity Servs., Inc.</u>

<u>v. Ragan</u>, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted).  The Fifth Circuit has instructed

lower courts to construe <u>pro se</u> habeas petitions liberally.  <u>Koch v. Puckett</u>, 907 F.2d 524, 530

(5th Cir. 1990).

**B.     Federal Habeas Corpus Standard Of Review Pursuant To The AEDPA.**

Federal habeas relief is available to a state prisoner only if he is being held in violation of

the Constitution, laws, or treaties of the United States.  <u>Boyd v. Scott</u>, 45 F.3d 876, 881 (5th Cir.

1994) (per curiam) (citation omitted).  Pursuant to the Antiterrorism and Effective Death Penalty

Act of 1996 ("AEDPA"), courts may not grant habeas relief unless a petitioner demonstrates that

the state court's decision was "contrary to, or involved an unreasonable application of, clearly

established Federal law," or was "based on an unreasonable determination in light of the facts."

28 U.S.C. § 2254(d); <u>see also</u> <u>Riddle v. Cockrell</u>, 288 F.3d 713, 716 (5th Cir. 2002) (discussing

§ 2254(d)).  Thus, "federal habeas relief is only merited where the state court decision is both

incorrect *and* objectively unreasonable."  <u>Morrow v. Dretke</u>, 367 F.3d 309, 313 (5th Cir. 2004)

(emphasis in original) (citing <u>Williams v. Taylor</u>, 529 U.S. 362, 411 (2000)).  The AEDPA's

provisions "ensure that state-court convictions are given effect to the extent possible under law."

Bell v. Cone, 535 U.S. 685, 693 (2002) (citing Williams, 529 U.S. at 403-04).

The Supreme Court has concluded that the "contrary to" and "unreasonable application" clauses of § 2254(d)(1) have independent meanings. Bell, 535 U.S. at 694 (citing Williams, 529 U.S. at 404-05). The Bell Court elaborated on the distinctions between "contrary to" and an "unreasonable application:"

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts. The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case. The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in *Williams* that an unreasonable application is different from an incorrect one.

Id. (internal citations omitted).

The Fifth Circuit has explained that the "contrary to" clause applies where a "state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000) (citation omitted). The Fifth Circuit has further determined that "§ 2254(d) permits a federal habeas court 'to review only a state court's 'decision' and not the written opinion explaining that decision.'" St. Aubin v. Quarterman, 470 F.3d 1096, 1100 (5th Cir. 2006) (citing Neal v. Puckett, 286 F.3d 230, 246 (5th Cir. 2002) (en banc) (per curiam)); accord Anderson v. Johnson, 338 F.3d 382, 390 (5th Cir. 2003) (citing Neal, 286 F.3d at 246). The state court's "ultimate decision" is to be tested for reasonableness, "not every jot of its reasoning." Santellan v. Cockrell, 271 F.3d 190, 193 (5th

7

Cir. 2001).  Furthermore, a state court need not cite, or "even be aware of [Supreme Court] precedents, 'so long as neither the reasoning nor the result of the state-court decision contradicts them.'"  Mitchell v. Esparza, 540 U.S. 12, 16 (2003) (per curiam) (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

Absent a direct conflict with Supreme Court authority, habeas relief is available only if a state court decision is objectively unreasonable.  Montoya v. Johnson, 226 F.3d 399, 404 (5th Cir. 2000).  A federal district court "must reverse when [it] conclude[s] that the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'"  Gardner v. Johnson, 247 F.3d 551, 560 (5th Cir. 2001).  As with the "contrary to" test, the focus of the "unreasonable application" test is "on the ultimate legal conclusion that the state court reached and not on whether the state court considered and discussed every angle of evidence."  Neal, 286 F.3d at 246.

Finally, "[t]he AEDPA requires that [the Court] presume correct the state court's findings of fact unless the petitioner 'rebut[s] the presumption of correctness by clear and convincing evidence.'"  Morrow, 367 F.3d at 315 (quoting 28 U.S.C. § 2254(e)(1)).  The presumption of correctness is also accorded to adjudications made during state post-conviction proceedings.  Id. The burden to rebut the presumption of correctness remains on the petitioner even if the state "hearing was a 'paper' hearing and may not have been full or fair."  Id. (citing Valdez v. Cockrell, 274 F.3d 941, 950-51 (5th Cir. 2001)).  In some circumstances, findings of fact may be implied from conclusions of law.  See Valdez, 274 F.3d at 948 n.11 ("The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.") (citations omitted); Goodwin v. Johnson, 132 F.3d 162, 183-84 (5th Cir. 1997).

8

**C.      Certain Claims Remain Unexhausted And Are Procedurally Defaulted.**

Respondent asserts that Petitioner never complained about his trial counsel's failure to object to testimony by Detective Hess, or the trial court's refusal to include a limiting instruction in a prior habeas proceeding before a state court.  (D.E. 20, at 8).  Respondent also contends that Petitioner's claim that the prosecution committed a Due Process violation remains unexhausted in its entirety.  Id.  Consequently, Respondent seeks dismissal of these three claims for federal habeas relief because they have not been exhausted and are therefore procedurally barred.  Id.

A federal writ of habeas corpus from an inmate in state custody shall not be granted unless: (1) the inmate has exhausted his legal remedies in the state courts; (2) state corrective processes are absent; or (3) circumstances render such processes insufficient to protect the individual's rights.  28 U.S.C. § 2254(b)(1).  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest court of the State.[2] See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Carter v. Estelle, 677 F.2d 427, 443-44 (5th Cir. 1982).  The Fifth Circuit has explained that "the state court system must have been presented with the same facts and legal theory upon which the petitioner bases his current assertions."  Ruiz v. Quarterman, 460 F.3d 638, 643 (5th Cir. 2006) (citing Picard v. Connor, 404 U.S. 270, 275-77 (1971)).  "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance."  O'Sullivan, 526 U.S. at 845 (citations omitted).

The Supreme Court provides, however, that the failure to exhaust state remedies is

---

[2] In Texas, the highest court for habeas review is the Texas Court of Criminal Appeals.  Tex. Code Crim. Proc. art. 4.04; Richardson v. Procunier, 762 F.2d 429, 431-32 (5th Cir. 1985).

excused pursuant to § 2254(b)(1)(B)(ii) "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." Duckworth v. Serrano, 454 U.S. 1, 3 (1981) (per curiam) (citation omitted); accord Graham v. Johnson, 94 F.3d 958, 969 (5th Cir. 1996) (per curiam) (quoting Duckworth). Notwithstanding a petitioner's failure to exhaust state remedies, an application for a writ of habeas corpus may be denied on the merits.  28 U.S.C. § 2254(b)(2).

The petitioner must also present his claim in accordance with the state court's procedural rules.  Mercadel v. Cain, 179 F.3d 271, 275 (5th Cir. 1999) (per curiam) (citation omitted).  If the petitioner fails in this respect, and "the last state court to consider the claim expressly and unambiguously based its denial of relief on a state procedural default," federal courts are "procedurally barred" from reviewing the claim.  Fisher v. Texas, 169 F.3d 295, 300 (5th Cir. 1999) (citing Coleman v. Thompson, 501 U.S. 722, 729 (1991)).  A claim is also procedurally defaulted where a petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred," Coleman, 501 U.S. at 735 n.1, thereby obviating the need for an express denial of relief by the state court.  See Finley v. Johnson, 243 F.3d 215, 219-20 (5th Cir. 2001) (unexhausted claim that was neither presented nor adjudicated in state court was procedurally defaulted); Nobles v. Johnson, 127 F.3d 409, 422-23 (5th Cir. 1997) (finding an unexhausted claim procedurally defaulted due to the presence of a state procedural bar); Emery v. Johnson, 139 F.3d 191, 195-96 (5th Cir. 1997) (same).

Federal habeas corpus relief may only be granted on procedurally defaulted claims if a petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a

10

fundamental miscarriage of justice."  Moawad v. Anderson, 143 F.3d 942, 947 (5th Cir. 1998)

(citation omitted).  Cause is demonstrated by showing "some objective factor external to the

defense impeded ... efforts to comply with the State's procedural rule."  Murray v. Carrier, 477

U.S. 478, 488 (1986); accord Meanes v. Johnson, 138 F.3d 1007, 1011 (5th Cir. 1998) (citation

omitted).  The prejudice requirement likely rests on a determination of whether the petitioner has

"suffered ... [to a] degree sufficient to justify collateral relief."  United States v. Frady, 456 U.S.

152, 168 (1982).

	After reviewing the Petitioner's state habeas records, it appears that three of the claims in

this petition are absent from his state habeas application.  First, Petitioner did not protest Mr.

Rogen's failure to make timely objections to the testimony regarding polygraph evidence before

the state court.  Although his state habeas application did assert that his counsel was ineffective,

it was based on grounds that were wholly unrelated to any failure by Mr. Rogen to make an

evidentiary objection at trial.  (D.E. 19-31, at 13-14).  Similarly, Petitioner's state habeas

application omitted any reference to the trial court's refusal to include a limiting instruction to

the jury regarding testimony from Detective Hess.  Nor has Petitioner ever raised any claim

against the prosecution for allowing Detective Hess to talk about the importance of polygraph

evidence at trial.  Because the specific factual predicates underlying these three claims were not

"'fairly presented' to the state courts," Ruiz, 460 F.3d at 643 (citing Picard, 404 U.S. at 275),

Petitioner has failed to exhaust these claims.[3]  Moreover, he has not argued, and the record does

---

[3] In Petitioner's response brief, he argues that AEDPA was not designed to preclude a petitioner from advancing a stronger argument in federal court than what was presented before the state court.  (D.E. 27, at 7).  Contrary to his assertion, AEDPA and the doctrine of exhaustion do preclude the improper presentation of stronger legal claims in federal court if those claims are based on materially different facts than the claims presented before the state court.  See Anderson, 338 F.3d at 386-87 (exhaustion requirement is not satisfied where petitioner "presents *material* additional evidentiary support to the federal court that was not presented to the state court" which "places the claims in a significantly different legal posture") (citations omitted) (emphasis in original).

not support, that his failure to exhaust should be excused pursuant to § 2254(b)(1)(B)(ii).[4]

These unexhausted claims are also procedurally barred pursuant to Texas' abuse-of-the-writ doctrine.  Tex. Code. Crim. Proc. Ann. art. 11.07 § 4 (prevents a Texas state court from "consider[ing] the merits of or grant relief based on the subsequent [writ of habeas corpus] application" that "is filed after final disposition of an initial application challenging the same conviction"); Rocha v. Thaler, 626 F.3d 815, 829 (5th Cir. 2010) (discussing how Article 11.07 § 4(a) codified the abuse-of-the-writ doctrine for non-capital felonies).  If Petitioner attempted to exhaust these claims in state court now, he would have to file a successive application for state habeas relief challenging his conviction.  The Texas Court of Criminal Appeals, however, treats the filing of a successive state habeas application "regarding the same conviction" as an abuse of the writ.  Ex parte Whiteside, 12 S.W.3d 819, 821-22 (Tex. Crim. App. 2000) (en banc) (interpreting Tex. Code. Crim. Proc. Ann. art. 11.07 § 4).  Accordingly, the Fifth Circuit regards any potential application of the Texas abuse-of-the-writ doctrine as grounds for procedural default sufficient to preclude federal habeas review.  Finley, 243 F.3d at 220 (citing Fearance v. Scott, 56 F.3d 633, 642 (5th Cir. 1995)).  As a result, Petitioner's claims relating to his counsel's failure to object to the Detective's testimony, the trial court's failure to include a limiting jury instruction, and prosecutorial misconduct have been procedurally defaulted.

Given that Petitioner does not allege any grounds for cause or prejudice in his response that would allow him to hurdle the procedural bar, it is therefore respectfully recommended that these three unexhausted and procedurally defaulted claims be dismissed.

---

[4] Respondent concedes that Petitioner has exhausted the portion of his claim for ineffective assistance of counsel relating to the failure to adequately research the admissibility of polygraph results into evidence and the portion of his claim relating to the trial court's violation of his right to Due Process by denying a mistrial.  (D.E. 20, at 6).

**D.      Petitioner Did Not Receive Ineffective Assistance Of Counsel.**

Respondent disputes the notion that Petitioner's trial counsel was ineffective for not adequately researching the admissibility of polygraph evidence, thereby preventing a polygraph operator from giving expert testimony on the results of Petitioner's polygraph test.  (D.E. 20, at 2 n.2, 15).

To prevail on a claim of ineffective assistance of counsel, a state prisoner seeking federal habeas corpus relief bears the burden of showing that: (1) counsel's performance was deficient; and (2) the deficient performance resulted in actual prejudice.  Strickland v. Washington, 466 U.S. 668, 687 (1984).  However, a reviewing court need not consider both prongs if the court concludes that petitioner has failed to prove either.  Id. at 697; Amos v. Scott, 61 F.3d 333, 348 (5th Cir. 1995) (citation omitted).  The Fifth Circuit has determined that "under AEDPA a state court decision rejecting a *Strickland* claim must be accepted unless it was an unreasonable application of its teaching."  Granados v. Quarterman, 455 F.3d 529, 534 (5th Cir. 2006).

In order to show counsel's performance was deficient, petitioner must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  Strickland, 466 U.S. at 687.  He must demonstrate that counsel's representation fell below an objective standard of reasonableness as measured by prevailing professional standards.  See Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Counsel's challenged conduct should be evaluated from the perspective of counsel at the time the conduct occurred.  Strickland, 466 U.S. at 690.  Due to the difficulties inherent in engaging in this analysis without being tainted by "the distorting effects of hindsight," a court's review should be highly deferential to counsel.  Id. at 689.  The reviewing court must give great deference to counsel's performance, strongly presuming that counsel has exercised reasonable

professional judgment.  Id. at 690; see also Romero v. Lynaugh, 884 F.2d 871, 876 (5th Cir. 1989) ("strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance") (quoting Strickland, 466 U.S. at 689).

The Fifth Circuit has explained that due to "the almost infinite variety of possible trial techniques and tactics available to counsel, this Circuit is careful not to second guess legitimate strategic choices."  Yohey v. Collins, 985 F.2d 222, 228 (5th Cir. 1993).  In addition, "[a] conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness."  Johnson v. Dretke, 394 F.3d 332, 337 (5th Cir. 2004) (internal quotation marks and citations omitted); accord United States v. Jones, 287 F.3d 325, 331 (5th Cir. 2002) (citation omitted).

Pursuant to the second prong of the Strickland two-part test, Petitioner may not simply allege, but must affirmatively prove, actual prejudice resulting from the ineffective assistance of counsel.  Strickland, 466 U.S. at 693.  Thus, he must affirmatively show that his counsel's actions deprived him of a fair trial.  See Czere v. Butler, 833 F.2d 59, 63-64 (5th Cir. 1987). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 372 (1993) (habeas petitioner must show that the trial result was unreliable, or the proceeding was fundamentally unfair due to counsel's deficient performance) (citations omitted).

Petitioner has the burden of proof under the Strickland test.  See Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997) (holding burden of proof is on petitioner in a federal habeas proceeding).  In addition, conclusory allegations of ineffective assistance of counsel do not give

14

rise to a constitutional claim for federal habeas relief.  Collier v. Cockrell, 300 F.3d 577, 587

(5th Cir. 2002) (citations omitted); see also Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000)

("Because [petitioner] failed to set forth the nature of *any* of the errors trial counsel purportedly

failed to preserve and did not set forth any resulting prejudice, the district court properly

determined that these three claims of ineffective assistance were conclusory.") (emphasis in

original).

Finally, in order to prove that he is entitled to federal habeas relief due to ineffective

assistance of counsel, Petitioner must overcome the presumption of correctness to which the

state court's findings are entitled.  See Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003)

("It bears repeating that the test for federal habeas purposes is *not* whether [petitioner made a

showing under Strickland, but] ... whether the state court's decision—that [the petitioner] did *not*

make the *Strickland*-showing—was contrary to, or an unreasonable application of, the standards,

provided by clearly established federal law (*Strickland*), for succeeding on his [ineffective

assistance] claim.") (emphasis in original).

Petitioner's ineffective assistance claim cannot proceed because he did not carry his

Strickland burden of proving that his trial counsel's performance was both deficient and

prejudicial.  State habeas relief was denied without an opinion on the recommendation of the

trial court, (D.E. 19-31, at 2), therefore it is assumed that the state court applied the proper

"clearly established Federal law."  Schaetzle, 343 F.3d at 443 (quoting 28 U.S.C. § 2254(d)(i)).

Consequently, the analysis turns on whether the state court's decision was "contrary to" or "an

objectively unreasonable application" of that federal law.  Id. (citing Catalan v. Cockrell, 315

F.3d 491, 493 & n.3 (5th Cir. 2002)).

Petitioner contends that his trial counsel's inadequate preparation and research on the

15

admissibility of polygraph evidence prejudiced his defense and trial, thus resulting in his conviction.  (D.E. 1, at 25).  He avers that he only took the polygraph test on the advice of his trial counsel, and he argues that this suggests his counsel "considered as part of the trial strategy the possibility of using the polygraph examinations."  Id. at 29.  At trial, however, his counsel did not attempt to introduce the polygraph results until Detective Hess testified on the usefulness of polygraph tests in determining guilt or innocence.  Petitioner argues that his counsel's initial decision not to use the polygraph results and inability to present case law supporting the admission of polygraph evidence to the trial judge amounted to deficient performance that should "not ... be provided this Courts [sic] deference as is normal."  Id.

In support, Petitioner cites to Moore v. Johnson, 194 F.3d 586 (5th Cir. 1999), for the proposition that "Strickland does not ... require deference to decisions that are not informed by an adequate investigation into the controlling facts and law."  Id. at 615 (citations omitted).  He claims that his counsel "failed to perform an adequate amount of legal resurch [sic] into the laws concerning this case" in light of his counsel's "access to computer and the many search engons [sic] on the internet and with aids such as the Lexsee [sic] network and the Westlaw network available to him."  (D.E. 1, at 29-30).  Petitioner seeks to impress upon the Court the fact that, even though he only had access to minimal legal research resources, he was able to find a number of federal court cases holding that the Federal Rules of Evidence do not absolutely bar the introduction of polygraph evidence.  Id. at 30 (collecting cases).

Respondent correctly observes that Petitioner's attempt to invoke the Federal Rules of Evidence is unavailing.  Because Petitioner was tried and convicted by a Texas trial court, the Texas Rules of Evidence governed the trial proceedings.  See Tex. R. Evid. 101(b) ("Except as otherwise provided by statute, these rules govern civil and criminal proceedings ... in all courts

of Texas, except small claims courts.").  Texas maintains a <u>per se</u> rule of inadmissibility against

polygraph evidence in a criminal proceeding.  <u>Nesbit v. State</u>, 227 S.W.3d 64, 66 n.4 (Tex. Crim.

App. 2007) (en banc) (citing <u>Nethery v. State</u>, 692 S.W.2d 686, 700 (Tex. Crim. App. 1985) (en

banc)).  Furthermore, there is no federal constitutional right to the admission of polygraph

evidence.  <u>See</u> <u>United States v. Scheffer</u>, 523 U.S. 303, 309 (1998) (<u>per se</u> exclusion of

polygraph evidence in all military trials was constitutional because defendant's right to present

relevant exculpatory evidence at trial was not violated).  Therefore, his trial counsel's inability to

find relevant cases supporting the contrary position cannot be deemed deficient performance.

Upon a determination that Petitioner has failed to show either deficient performance or

prejudice, the Court may end the <u>Strickland</u> inquiry.[5]  466 U.S. at 697 ("there is no reason for a

court deciding an ineffective assistance claim to approach the inquiry in the same order or even

to address both components of the inquiry if the defendant makes an insufficient showing on

one"); <u>accord</u> <u>Goodwin v. Johnson</u>, 132 F.3d 162, 172 n.6 (5th Cir. 1997) (declining to review

whether counsel was deficient because <u>Strickland</u>'s prejudice prong was not satisfied) (quoting

<u>Strickland</u>).  Accordingly, it is respectfully recommended that Petitioner's claim that he was not

provided effective assistance of counsel be dismissed.

**E.      Petitioner Is Not Entitled To Habeas Relief For The Trial Court's Denial Of His
         Motion For Mistrial.**

Petitioner maintains that the trial court deprived him of the right to a fair trial and Due

---

[5] Even if the prejudice prong of the <u>Strickland</u> test were considered, Petitioner would fail to show that he is entitled to habeas relief.  Because the trial court could not have admitted polygraph evidence as a matter of Texas law, any possible deficiency on the part of his trial counsel would have been inconsequential.  Moreover, assuming that Petitioner's polygraph results were introduced at trial, the remaining evidence of guilt presented by the prosecution would still have been more than adequate to support his conviction.  As a result, Petitioner has not demonstrated a "reasonable probability" that there would have been a different result if trial counsel made the objection.  <u>Strickland</u>, 466 U.S. at 694.

Process by erroneously denying his motion for a mistrial.  Respondent counters that the trial

court's refusal to grant a motion for mistrial would not implicate any constitutional error.  (D.E.

20, at 20).

In reviewing state evidentiary rulings, the Fifth Circuit grants federal habeas corpus relief

"only where the trial judge's error is so extreme that it constitutes a denial of fundamental

fairness under the Due Process Clause."[6]  Bailey v. Procunier, 744 F.2d 1166, 1168 (5th Cir.

1984).  As the Fifth Circuit further explained, "[t]he test applied to determine whether a trial

error makes a trial fundamentally unfair is whether there is a reasonable probability that the

verdict might have been different had the trial been properly conducted."  Rogers v. Lynaugh,

848 F.2d 606, 609 (5th Cir. 1988) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)).

Because Petitioner complains about the prejudicial effect that the polygraph testimony,

the proper Due Process inquiry centers on determining whether there is a reasonable probability

that the jury would have acquitted him or given him a lighter sentence if that testimony were not

given.  Such a determination would not be supported by the record given the overwhelming

evidence of guilt and the jury's decision to punish him to the fullest extent allowed by Texas

law.  The heartbreaking testimonies of the three victims–his son, his niece, and his friend's

mentally impaired daughter–were credible and persuasive.  Petitioner's counter-argument that

the victims' parents convinced their children to make false accusations so that his wife could

obtain a favorable divorce settlement is implausible and lacks independent evidentiary support.

---

[6] To the extent that Petitioner challenges the state court's denial of his motion for a mistrial on state law grounds, such a claim cannot be heard by this Court.  An error by the state court based on state law cannot form the basis of federal habeas relief.  As the Supreme Court explained, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 68 (1991) (citations omitted).  It is not the role of a federal court to reexamine state court determinations on state law questions.  Id. at 67-68; see also Bailey, 744 F.2d at 1168 (Federal courts "do not sit as a super state supreme court to review error under state law") (citation omitted).

His defense, which consisted of his own testimony in addition to two character witnesses, did not sufficiently address the nature of the allegations, nor did it provide a credible rebuttal.

Moreover, Petitioner only complains about the prejudicial effect of the polygraph testimony on the jury; he never discusses whether the remaining evidence presented at trial would have been insufficient to support his conviction and sentence.  Accordingly, he has not shown "a reasonable probability that the verdict might have been different" if Detective Hess never spoke about polygraph tests.  Id.  Therefore, it is respectfully recommended that Petitioner's due process challenge of the trial court's denial of his motion for mistrial be denied.[7]

_____

[7] Respondent argues that this claim is procedurally barred because the state appellate court on direct review previously denied Petitioner's challenge of the trial court's refusal to grant a mistrial as untimely.  (D.E. 20, at 19).  He claims that this denial constitutes an "independent and adequate state procedural rule" on which procedural default may be premised.  Id.  For purposes of procedural default, adequacy requires only that the rule be "'firmly established and regularly followed' by the state courts," id. (quoting Ford v. Georgia, 498 U.S. 411, 423-24 (1991)), and independence requires that the court actually rely on the procedural bar, Gochicoa v. Johnson, 118 F.3d 440, 445 (5th Cir. 1997) (citation omitted), and not rest the dismissal on any matter "interwoven" with federal law.  Balentine v. Thaler, 626 F.3d 842, 849 (5th Cir. 2010) (citation omitted), cert. denied, __ U.S. __, 131 S. Ct. 2992, 2011 WL 1156549 (June 13, 2011).  Adequacy and independence must be "clear from the face" of the state court opinion.  Balentine, 626 F.3d at 849 (citation omitted).  If a state court issues an unexplained denial of a federal claim, the Supreme Court directs federal courts to look to the last reasoned state court decision to determine whether an adequate and independent ground for denial was invoked sufficient to establish a procedural default.  See Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991) ("where ... the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits").

Although Respondent cited to Wright v. Quarterman, 470 F.3d 581 (5th Cir. 2006) in support of his assertion, it appears that the procedural bar applied in Wright was a variation of the contemporaneous objection rule codified in Rule 33.1(a)(1)(A) of the Texas Rules of Appellate Procedure.  Id. at 586.  The Fifth Circuit has long recognized that the contemporaneous objection rule constitutes an adequate and independent state procedural bar to ground procedural default of a petitioner's federal habeas claims.  See Hogue v. Johnson, 131 F.3d 466, 487 (5th Cir. 1997) ("for more than twenty years we have on numerous occasions invoked noncompliance with [the Texas contemporaneous objection rule] as a basis on which to deny federal habeas relief"); Goss v. Johnson, 199 F.3d 439, 1999 WL 1067676, at *3 (5th Cir. Oct. 20, 1999) (unpublished) (noting that the contemporaneous objection rule was codified by Rule 33.1).  In Wright, the Fifth Circuit specifically held that "Texas law ... generally requires a defendant to make a specific Confrontation Clause objection to preserve such an error."  470 F.3d at 587-88.  The failure of the Wright petitioner to make a Confrontation Clause objection was deemed to be an "adequate and independent procedural bar" to his federal habeas claim.  Id. at 589.

Nevertheless, the Fifth Circuit has not yet recognized the failure to make a contemporaneous motion for mistrial as an adequate and independent procedural bar.  Even though the requirement that a motion for mistrial be made timely is codified by Rule 33.1(a)(1)(A)–the same provision that codified the contemporaneous objection rule–the bald assertion that this constitutes a procedural bar is not persuasive absent additional case support from the Fifth Circuit.  The extension of the contemporaneous objection rule that Respondent seeks is for the Fifth Circuit, not this Court.

## VI.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the Fifth Circuit from a final order in a habeas corpus proceeding "[u]nless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court nonetheless address whether he would be entitled to a certificate of appealability.  A district court ruling on a petitioner's relief may sua sponte rule on a certificate of appealability because "[a]rguably, ... [it] is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious."  Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam).

The statute establishes that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits."  Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2254 petitioner to demonstrate that "reasonable jurists could debate whether ... the [petition] should have been resolved in a different manner or that the issues presented ... deserve[d] encouragement to proceed further."  United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002) (citation omitted).

As to claims district courts reject solely on procedural grounds, a petitioner must show

20

both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack</u>, 529 U.S. at 484 (emphasis added).

It is respectfully recommended that reasonable jurists could not debate this denial on substantive or procedural grounds, nor find that the issues presented are adequate to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability.

## VII. RECOMMENDATION

Based on the foregoing reasons, it is respectfully recommended that Respondent's motion for summary judgment, (D.E. 20), be granted, and this habeas petition, (D.E. 1), be dismissed. Additionally, it is respectfully recommended that Petitioner be denied a certificate of appealability.

Respectfully submitted this 1st day of December 2011.

BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; Rule 8(b) of the Rules Governing § 2254 Cases; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).