UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SHELDON WHATLEY, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. C-11-187 |
| | § | |
| NATHANIEL QUARTERMAN, *et al*, | § | |
| | § | |
| Respondents. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION TO
<u>GRANT RESPONDENT'S MOTION FOR SUMMARY JUDGMENT</u>**

Pending before the Court is Respondent's Motion for Summary Judgment (D.E. 20). On December 1, 2011, United States Magistrate Judge Brian L. Owsley issued a Memorandum and Recommendation (D.E. 30), recommending that Respondent's Motion for Summary Judgment be granted. By Order (D.E. 35) dated December 22, 2011, Respondent was granted an extension of time to file his Objections until January 17, 2012. Petitioner filed his Objections (D.E. 38) on January 20, 2012, along with a Motion for Leave (D.E. 37) which has been construed as a request for leave to file his Objections three days late. That motion was granted (D.E. 39) and the Court considers Petitioner's Objections to be timely filed.

Petitioner objects to the Magistrate Judge's Memorandum and Recommendation on procedural grounds. First, he complains that the Respondent's motion addressed the substantive grounds of Petitioner's *habeas corpus* petition in a different order from that in which they were presented in the petition. Because the order in which arguments are

considered has no bearing on the outcome, this complaint—to the extent that it constitutes an objection—is OVERRULED.

With respect to "Ground One" of his Petition, Petitioner alleges that the state trial court abused its discretion in dealing with the polygraph evidence by either refusing to give a requested jury instruction or failing to grant a mistrial. D.E. 1. The Magistrate Judge found that the complaint regarding the jury instruction had not been exhausted as it was never raised in the Petitioner's state *habeas corpus* proceedings. Petitioner objects to the Magistrate's Memorandum and Recommendation arguing that the ground for relief should not have been severed and considered separately from the other allegation against the state court. If the failure to grant a mistrial was a properly exhausted issue, Petitioner argues, then the failure to give a jury instruction must also have been exhausted.

Whether a claim has been properly exhausted is a matter that is evaluated by considering the substance of the claim, not the manner in which the Petitioner bundles it.

> [U]nder the Supreme Court's decision in *Picard v. Connor*, 404 U.S. 270, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971), "exhaustion of state remedies is required as a prerequisite to consideration of each claim sought to be presented in federal habeas . . . ." *Pitchess v. Davis*, 421 U.S. 482, 487, 95 S.Ct. 1748, 1752, 44 L.Ed.2d 317 (1975) (per curiam) (emphasis added). It is not enough that the state had been presented with the general factual background of a petitioner's case or legal contentions related to that presently urged. Rather, the state prisoner is required to first present to the state courts the "same claim" that he urges upon the federal court before he may properly seek relief in that latter forum. *Picard, supra*, 404 U.S. at 276, 92 S.Ct. at 512 (emphasis added). Here, while the claim presently pressed by the Graces is certainly intertwined with and closely echoes their earlier voiced contention, we think that it "took on an entirely different character" after the *Garcia* decision and now "is in effect a

>    new claim." *Subilosky v. Commonwealth of Massachusetts*,
>    412 F.2d 691, 693 (1st Cir. 1969).

*Grace v. Butterworth*, 635 F.2d 1, 9 (1st Cir. 1980), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3053 (1981). Here, Petitioner failed to complain of the lack of a jury instruction both in his direct appeal and in his state *habeas corpus* proceeding. Thus Petitioner has failed to satisfy the exhaustion requirement.

Petitioner next suggests that the Texas abuse-of-the-writ doctrine, because it precludes him from going back and exhausting any unexhausted claim, effectively excuses the exhaustion requirement under 28 U.S.C. § 2254(b). However, § 2254(b)(1)(B) must be read in conjunction with § 2254(b)(1)(A). If a remedy is provided by state law, the petitioner is required to exhaust that remedy. If the petitioner simply fails to timely invoke his state law remedy, the second part of the statute is not triggered and does not relieve the petitioner of the exhaustion requirement. The relief provided by the second part of the statute is only available if the petitioner, from the outset, had no means by which to exhaust his claim.

The state law procedural bar known as the abuse-of-the-writ doctrine precludes a petitioner from invoking multiple opportunities to exhaust remedies. As it does not preclude the first writ, it is a valid exercise of judicial resources and has been held on numerous occasions to properly limit a Petitioner's right to federal *habeas corpus* relief. *See e.g.*, *Curry v. Johnson*, 228 F.3d 408 (5th Cir. 2000), *cert. denied*, 532 U.S. 944, 121 S.Ct. 1407 (2001); *Kincy v. Dretke*, 92 Fed. Appx. 87, 92-93, 2004 WL 348751, 5 (5th

Cir. 2004), *cert. denied*, 543 U.S. 844, 125 S.Ct. 285 (2004).  It does not trigger the second part of § 2254(b)(1).

Petitioner further invokes the provision of § 2254(b)(2) that allows ***denial*** of a writ of *habeas corpus* on the merits despite a failure to exhaust.  What the Petitioner does not appreciate is that this provision allows only denial of relief; it does not permit the granting of relief on the merits where the claim has not been exhausted.  The Magistrate Judge properly evaluated the exhaustion requirement.  Petitioner's objection is OVERRULED.

In "Ground Two" of his Petition, Petitioner complains that he was denied a fair trial because the prosecution presented inadmissible testimony concerning the importance of polygraph evidence. D.E. 1.  The Magistrate Judge held that this complaint was not raised in state court and is thus unexhausted.  In his Objections, Petitioner claims that he raised this issue in his brief to the Court of Criminal Appeals of Texas in the Petition for Discretionary Review proceedings.

The United States Supreme Court has held:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts ***one full opportunity*** to resolve any constitutional issues by invoking ***one complete round*** of the State's established appellate review process.

*O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 1732-33 (1999) (emphasis added).  *See also*, *McGee v. Cain*, 104 Fed. Appx. 989, 991 (5th Cir. 2004); *Moore v. Quarterman,* 526 F.Supp.2d 654, 684 (W.D. Tex. 2007).  The Fifth Circuit has expressly

4 / 6

stated that, if the issue was presented upon direct appeal, then the additional invocation of *habeas corpus* relief on that basis at the state level is not required. *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner complained of the admission of Detective Hess' testimony regarding polygraph testing to establish innocence at the state court of appeals level in his direct appeal. That court affirmed on the basis of the contemporaneous objection requirement. DE. 19-2, p. 13. Thereafter, in his Petition for Discretionary Review (D.E. 19-2, pp. 5-6), Petitioner complained that the contemporaneous objection rule should not bar his claim because the state engaged in a bad faith effort to get inadmissible evidence before the jury. This briefing in Petitioner's direct appeal in Texas exhausted his state remedies.

Having found this issue to have been exhausted, the Court considers it on its merits. The Court rejects Petitioner's theory that an analysis of the prosecutor's motives is required. That test, as discussed in *Jasso v. State*, 112 S.W.3d 805 (Houston [14th Dist.] 2003, pet. ref'd), is a harmless error evaluation conducted after there is a determination that error occurred. This Court agrees with the state court of appeals, which found no error had been preserved because of the failure to satisfy the contemporaneous objection requirement. *Valle v. State*, 109 S.W.3d 500, 509 (Tex. Crim. App. 2003). Petitioner's objection is OVERRULED.

With respect to "Ground Three" of his *habeas* petition, Petitioner again complains that the Magistrate Judge improperly severed his claims in its exhaustion analysis. He claims that he exhausted his complaint that his attorney rendered ineffective assistance by failing to object to the polygraph testimony. As detailed above, such severance of the

exhaustion analysis, based upon the substance of the claim, is proper. There is no indication of a complaint of ineffective assistance of counsel related to a failure to object to the polygraph testimony in Petitioner's Petition for Discretionary Review. D.E. 19-2. Neither is it stated in his state *habeas* proceeding. D.E. 19-31. Thus Petitioner is not entitled to federal *habeas* relief on that issue. Petitioner's objection is OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge **AS SUPPLEMENTED HEREIN**. Accordingly, Respondent's Motion for Summary Judgment (D.E. 20) is **GRANTED**, this action is **DISMISSED WITH PREJUDICE**. The Court **DENIES** Petitioner a Certificate of Appealability.

ORDERED this 25th day of January, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE